USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/2/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
                                                              :
In Re BERNARD L. MADOFF INVESTMENT        :
SECURITIES LLC,                                               :
                                   Debtor.        :                    1:24-cv-11-GHW
--------------------------------------------------------------:
                                                              X               ORDER
NATIXIS S.A.,                                                 :
                                                              :
                                 Appellant,        :
                                                              :
                    v.                                       :
                                                              :
IRVING H. PICARD,                                             :
                                                              :
                                 Appellee.         :
--------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

## I.      INTRODUCTION

This motion arises from an adversary proceeding instigated by Irving H. Picard (the

"Trustee") to recover some of the ill-gotten gains of Bernie Madoff's notorious Ponzi scheme.  The

defendant in that adversary action, Natixis S.A. ("Natixis"), moved to dismiss it on the ground that a

release contained in an agreement settling claims in a separate adversary proceeding barred the

Trustee's claims.  The Bankruptcy Court ruled against Natixis, concluding that the release did not

apply to the Trustee's claims against Natixis.  Natixis seeks the Court's leave to file an interlocutory

appeal of the Bankruptcy Court's ruling pursuant to 28 U.S.C. § 158(a).  Because the motion

involves a discrete issue of contractual interpretation, the application does not meet the stringent

criteria for interlocutory appeal.  Accordingly, Natixis's motion for leave to appeal is DENIED.

## II.      BACKGROUND

In its adversary proceeding against Natixis, the Trustee alleged that Natixis issued

structured notes with returns linked to a fund called Fairfield Sentry Limited Fund ("Fairfield

Sentry").[1]  B.R. Dkt. No. 193 ¶ 8.  Fairfield Sentry allegedly invested almost exclusively in Madoff

Investment Securities LLC ("BLMIS"), through which Madoff operated his Ponzi scheme.  *Id.* ¶¶ 3,

5.  To hedge its obligation to pay noteholders, Natixis also purchased and redeem shares in Fairfield

Sentry.  *Id.* ¶ 8.  As a result, Natixis received hundreds of millions of dollars in allegedly fraudulent

transfers from Fairfield Sentry.  *Id.* ¶ 9.

      Natixis filed a motion to dismiss the adversary proceeding.  Dkt. No. 199.  Among the many

arguments that it presented was that the Trustee's claims were barred by a settlement agreement in

another adversary proceeding against Alpha Prime Fund Limited ("Alpha Prime").  *Id.*  That

settlement agreement "releases . . . Alpha Prime and Alpha Prime Asset Management LTD and its

respective current and former directors . . . direct or indirect shareholders," among others, from

"claims whatsoever, asserted or unasserted, known or unknown, arising out of or in any way related

to Madoff or BLMIS."  *Id.* at 9.  Because Natixis is a shareholder of Alpha Prime, it contended that

the settlement agreement released all Madoff-related claims against Natixis and therefore barred the

Trustee's action.  *Id.* at 10.

      The Bankruptcy Court denied the motion to dismiss.  Dkt. No. 228.  In its opinion, the

Bankruptcy Court applied well-settled principles of contract interpretation under New York law to

interpret the language in the release.  *Id.*  Reading the settlement agreement as a whole, it concluded

that the release applied only to claims related to Alpha Prime's BLMIS account, and not to claims

based on Natixis's redemptions from Fairfield Sentry.  *Id.* at 35.

      On January 2, 2024, Natixis filed this motion seeking leave to appeal the bankruptcy court's

order on its motion to dismiss.  Dkt. No. 3 ("Motion for Leave").  The Trustee filed his opposition

on January 5, 2024.  Dkt. No. 5.  Defendant filed its reply on January 19, 2024.  Dkt. No. 6

---

[1] "B.R. Dkt. No." docket references are to *Irving H. Picard v. Natixis S.A., et al.* 10-ap-05353.  All other docket references are to the docket in this case.

("Reply").

### III.    LEGAL STANDARD

District courts have jurisdiction over appeals from interlocutory orders of a bankruptcy court.  *See* 28 U.S.C. § 158(a)(3).  Because 28 U.S.C. § 158(a)(3) does not specify any criteria for granting leave to appeal, courts consistently apply the standards set forth in 28 U.S.C. § 1292(b) for interlocutory appeals to the United States Court of Appeals.  *See, e.g., In re Lehntan Bros. Holdings Inc.*, 2019 WL 2023723, at *3 (S.D.N.Y. May 8, 2019).  The three-part test codified in 28 U.S.C. § 1292(b) provides that leave to appeal should be granted only if (1) the appeal "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

To satisfy the first criterion of Section 1292(b), the movant must demonstrate that the question is both controlling and a question of law.  *In re Lehman Bros. Holdings Inc.,* No. 18-CV-8986-VEC, 2019 WL 2023723, at *3 (S.D.N.Y. May 8, 2019).  A case involves a "controlling question of law" if reversal of the bankruptcy court's order holding could "result in dismissal of the action," "significantly affect the conduct of the action," or if the issue on appeal "has precedential value for a large number of cases."  *Id.*  A "controlling question" must be "a 'pure' question of law that the reviewing court 'could decide quickly and cleanly without having to study the record.'"  *Id.*  The second criterion under 28 U.S.C. § 1292(b) requires that there be a "substantial ground for a difference of opinion," which "must arise out of a genuine doubt as to the correct applicable legal standard relied on in the order."  *Id.* (citing *In re Worldcom, Inc.*, No. M-47, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003)).  "Genuine doubt exists where '(1) there is conflicting authority on the issue or (2) the issue is particularly difficult and of first impression.'"  *Estate of Madoff*, 464 B.R. at 582 (quoting *Enron Corp. v. Springfield Assocs., LLC (In re Enron Corp.),* No. 01-16034, 2006 WL

2548592, at *4 (S.D.N.Y. Sept. 5, 2006)).  Third, the movant must show that the appeal would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  Courts in this district have described the three criteria of 1292(b) as creating "a significant hurdle" for those seeking leave to appeal an interlocutory order.  *In re Barnett*, No. 16-cv-436, 2016 WL 3944482, at *1 (S.D.N.Y. July 18, 2016).  A movant has the burden of showing that all three criteria are met.  *See In re Poseidon Pool & Spa Recreational, Inc.*, 443 B.R. 271, 275 (E.D.N.Y. 2010).

Moreover, even if the three criteria are met, the court retains the discretion to determine whether leave to appeal is warranted.  *See Gibson v. Kassover,* 343 F.3d 91, 94 (2d Cir. 2003).  Leave to appeal an interlocutory order should be granted "only in exceptional circumstances that overcome the general aversion to piecemeal litigation and justify departing from the basic policy of postponing appellate review until after the entry of a final judgment." *Estate of Madoff*, 464 B.R. at 582-83 (citing *In re Bernard L. Madoff Investment Sec. LLC (In re Madoff),* No. 11- MC-0012, 2011 WL 3897970, at *3 (S.D.N.Y. Aug. 31, 2011) (internal punctuation marks omitted)).  Accordingly, district courts must "exercise great care in" choosing to grant a party leave to file an interlocutory appeal.  *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 530 (S.D.N.Y. 2014) (citing *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distribution Corp.*, 964 F.2d 85, 89 (2d Cir. 1992)).

## IV.   DISCUSSION

Natixis has not met its burden to demonstrate that all of the criteria codified in 28 U.S.C. § 1292(b) have been satisfied.  At the outset, Natixis fails to satisfy the statute's first requirement—that the question be both controlling and a question of law.  28 U.S.C. § 1292(b).  Natixis's proposed appeal seeks to challenge the Bankruptcy Court's interpretation of a release provision in a settlement agreement.  "It is well established that settlement agreements are contracts and must therefore be construed according to general principles of contract law." *Collins v. Harrison-Bode*, 303 F.3d 429, 433 (2d Cir. 2002).

"While the meaning of a contract generally is considered to be a question of law for the court, a question of contract interpretation typically is not a 'controlling question of law' that serves as a basis for interlocutory appeal." *Certain Underwriters at Lloyd's, London v. Drennen*, 20-cv-1645 (LJL), 2020 WL 1816198, at *3 (S.D.N.Y. April 10, 2020) (quoting *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, 426 F. Supp. 2d 125, 128 (S.D.N.Y.2005); *Catskill Dev., LLC v. Park Place Entm't Corp.*, 206 F.R.D. 78, 94 (S.D.N.Y. 2002) (holding that "[d]ifferences over contract construction are not the sort of 'controlling question of law' that normally gives rise to interlocutory certification.").

Natixis has not provided a persuasive reason for the Court to depart from this general principle in this instance.  In its Reply, Natixis argues only that it is not the case "that issues involving contract interpretation de facto cannot be questions of law . . . ."  Reply at 1.  Natixis is correct that courts have sometimes granted leave to appeal cases involving issues of contract interpretation.  But all of the cases Natixis cites in support of this proposition involved legal questions on which caselaw was often lacking or conflicting, the resolution of which would have precedential value for other contract disputes.  *See Rothenberg v. Oak Rock Fin., LLC*, No. 14-CV-3700, 2015 WL 10663413, at *15 (E.D.N.Y. Mar. 31, 2015) (noting that issue presented was the proper legal standard for distinguishing participation agreements from disguised loans and that there was "scant case law" on this issue); *S.A. Mineracao Da Trindade-Samitri v. Utah Int'l, Inc.*, 579 F. Supp. 1049, 1050 (S.D.N.Y. 1984) (holding that question about whether language in an arbitration clause should be construed to encompass a claim of fraud in the inducement of the agreement itself "is a question of law that arises repeatedly, albeit rarely in a case of this nature. . . .  [A]t present somewhat confusing signals are being sent by the courts"); *Skylon Corp. v. Guilford Mills*, 901 F. Supp. 711, 718 (S.D.N.Y. 1995) (identifying the legal issue as the question of "whether a release that covers a principal covers the agent" as a matter of law and noting "the paucity of relevant

cases."). Because Natixis's contract question involves well-settled canons of contract interpretation and because its resolution would have little precedential value for other contract cases, it does not fall into this category.

While the failure to meet the first criterion alone requires the Court to deny Natixis leave to appeal, Natixis has also failed to meet its burden to demonstrate that there is a substantial ground for a difference of opinion. *See* 28 U.S.C. § 1292(b). To satisfy the second requirement of Section 1292(b), the movant must show that there is a "substantial ground for a difference of opinion," which "must arise out of a genuine doubt as to the correct applicable legal standard relied on in the order." *In re MF Global Holdings, Ltd.,* 2012 WL 4763087, at \*5 (S.D.N.Y. Oct. 5, 2012) (quoting *MCI WorldCom Comm'ns v. Comm'ns Network Int'l,* Ltd., 358 B.R. 76, 79 (S.D.N.Y. 2009)).

Here, Natixis does not argue that the Bankruptcy Court relied upon an incorrect or contested legal standard, but rather that the Bankruptcy Court incorrectly interpreted the settlement agreement because it "misapplied" well-settled principles of contract interpretation, in particular the *ejusdem generis* doctrine. Motion for Leave at 3–4. Although reasonable arguments could be made by both parties regarding the Bankruptcy Court's application of principles of contract interpretation, that is insufficient to show "substantial ground for difference of opinion." *Estate of Madoff,* 464 B.R. at 582 (quoting *Enron Corp. v. Springfield Assocs., LLC (In re Enron Corp.),* No. 01-16034, 2006 WL 2548592, at \*4 (S.D.N.Y. Sept. 5, 2006)); *see also In re Cross Media Mktg. Corp., No.* 03-13901(BRL), 2007 WL 2743577, at \*2 (S.D.N.Y. Sept. 19, 2007) (holding that the defendants failed to demonstrate a substantial ground for a difference of opinion when they "[did] not claim that the Bankruptcy Court employed the wrong legal standard in deciding their motion, but rather they contend that the court erred in applying that standard. . . . Specifically, they assert that 'the Bankruptcy Court misconstrued the applicable release provisions contained in the Debtors' Plan, and plainly misapplied controlling case law'").

Indeed, if a party's disagreement with a court's analysis constituted substantial ground for a difference of opinion, "every [court] order would provide grounds for a 'substantial difference of opinion' warranting interlocutory appeal because the unsuccessful litigant would presumably disagree with that order." *Analect LLC v. Fifth Third Bancorp*, No. 06-CV-891 JFB/WDW, 2009 WL 2568540, at *5 (E.D.N.Y. Aug. 19, 2009) (finding no substantial ground for a difference of opinion where the party did not argue that the claim was guided by "conflicting authority" or presented a "difficult" question of law); *see also FHJ 86 Partners v. Charter Oak Fire Ins. Co.*, No. 09 CIV. 1742 (LMS), 2010 WL 11712790, at *2 (S.D.N.Y. Oct. 5, 2010) (holding that the plaintiffs did not demonstrate a substantial ground for difference of opinion when "rather than citing to conflicting legal authority, Plaintiffs argue[d] that the Court misinterpreted and misapplied existing legal authority").

Even if the Court had found that Natixis met the criteria in 28 U.S.C. § 1292(b), the Court would exercise its discretion to conclude that this is not one of those exceptional cases that justifies departure from the judicial policy against piecemeal appeals because this case concerns a discrete issue of contract interpretation.  It is an issue of significance to the parties in the adversary proceeding, but a decision by the Court regarding the construction of this settlement agreement, applying well-established principles of contract interpretation, does not have precedential value beyond this case.

## V.     CONCLUSION

Because Natixis has not met its burden to satisfy the criteria set forth in 28 U.S.C. § 1292(b), and because no exceptional circumstances justify the exercise of the Court's discretion to grant an interlocutory appeal, Natixis's motion for leave to appeal is DENIED.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 3 and to close this case.

SO ORDERED.

Dated:  February 2, 2024
          New York, New York

GREGORY H. WOODS
United States District Judge